CHALOS & CO, P.C.
*Attorneys for Plaintiff*
Melissa Patzelt-Russo
55 Hamilton Avenue
Oyster Bay, NY 11771
Telephone: (516) 714-4300

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GLANDER INTERNATIONAL BUNKERING INC., <br><br> Plaintiff, <br><br> v. <br><br> M/V VENTA, IMO No. 9072749, her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, <br><br> Defendant. | IN ADMIRALTY <br><br> NO. <br><br> VERIFIED COMPLAINT |

**VERIFIED COMPLAINT WITH PRAYER FOR PROCESS**
**OF MARITIME ATTACHMENT AND GARNISHMENT**

**COMES NOW**, Plaintiff GLANDER INTERNATIONAL BUNKERING INC. (hereinafter "GIB" or "Plaintiff"), by and through its undersigned counsel, as and for its Verified Complaint against the Defendant M/V VENTA, IMO No. 9072749, her engines, freights, apparel, appurtenances, tackle, etc., *in rem* (hereinafter "M/V VENTA" or "Vessel"), alleges and pleads as follows:

**I. JURISDICTION, VENUE AND PARTIES**

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This case falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, and §31341 of the Commercial Instruments and

Maritime Lien Act, 46 U.S.C. §§ 31301-31343, and is brought under the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims (hereinafter "Rule C").

2.      Jurisdiction is founded on the presence within the District of the M/V VENTA, which may be arrested to enforce a maritime lien in accordance with the provisions of Rule C, as pled in Section III below.

3.      Plaintiff, GIB, was and is a corporation engaged in the business of providing maritime necessaries to ships, namely bunkers, with an address at 2401 PGA Blvd., Suite 236, Palm Beach Gardens, Florida 33410.

4.      Defendant M/V VENTA was and is an ocean going cargo vessel, registered in Lithuania, with IMO number 9074729, call sign LYSV, and is now, or will be during the pendency of this action, in the Port of Camden and subject to the jurisdiction and venue of the District of New Jersey and this Honorable Court. Upon information and belief, the Vessel's registered owner is Lithuanian Shipping Co.

## II. THE SUBSTANTIVE CLAIMS

5.      GIB brings this action in order to recover amounts indisputably due and owing to it by Defendant, arising from the supply of bunkers to the M/V VENTA, pursuant to a maritime contract.

6.      On April 15, 2015, OCEANWIDE SERVICES GMBH (hereinafter "OCEANWIDE") engaged GIB for a bunker supply delivery of IFO-380 Cst. at a rate of USD 333 per Mtd at the port of Kingston, Jamaica. *See* copy of April 15, 2015 Purchase Order attached hereto as **Exhibit 1.**

7.      On April 15, 2015, GIB confirmed that it would supply the vessel with the requested quantity of bunkers at Kingston, Jamaica by sending OCEANWIDE an Order

Confirmation the same day. A copy is attached hereto as **Exhibit 2**.

8.      The bunker supply contract expressly incorporates GIB's Terms and Conditions.

*See* a copy of GIB April 2015 Terms and Conditions attached as **Exhibit 3**.

9.      Clause 13 of the specific Terms and Conditions governing the bunker supply

contract states as follows:

> In addition to any other security the Seller may have, and as this Contract is entered into
> and product is supplied upon the faith and credit of the Vessel, it is agreed and
> acknowledged that a lien over the Vessel is created for the price of the Fuel supplied
> together with any interest accrued. The Buyer, if not the Owner of the Vessel, hereby
> expressly warrants that they have full authority of the Agents/Traders/Owners/Managers
> /Operators/Charterers to pledge the Vessel in favor of the Seller and that they have given
> notice of the provisions of this Contract to them. The Seller shall not be bound by any
> attempt by any person to restrict, limit or prohibit its lien(s) attaching to a Vessel. ***The
> laws of the United States, including but not limited to the Commercial Instruments
> and Maritime Lien Act, shall always apply with respect to the existence of a maritime
> lien***, regardless of the country in which Seller takes legal action. Seller shall be entitled
> to assert its rights of lien or attachment or other rights, whether in law, in equity, or
> otherwise, in any jurisdiction where the Vessel may be found.

*See* Exhibit 3, Clause 13, (emphasis added). Accordingly, Plaintiff may and does now seek

enforcement of a maritime lien for the supply of necessaries, *i.e.* bunker fuel, under the

provisions of 46 U.S.C. §§ 31341 *et seq*.

10.      In accordance with the bunker supply contract, on April 15, 2015, GIB supplied

350 metric tons of IFO380-CST fuel oil to the vessel at the Port of Kingston.

11.      Upon delivery of the bunkers, a Bunker Delivery Receipt was stamped with the

seal of the Vessel. The Bunker Delivery Receipt is attached hereto as **Exhibit 4.**

12.      By stamping the Bunker Delivery Receipt, the Vessel's Chief Engineer acted on

behalf of the Vessel and her Owner and/or Operator to procure bunkers, and thereby accepted

them on behalf of, *inter alia*, the Vessel.

13.      The Vessel's Chief Engineer is an officer appointed by the vessel, pursuant to the

Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31341 (a)(2).

14.     The bunkers were provided at a competitive market rate, and the amount owed by OCEANWIDE to GIB for this bunker delivery is USD 116,550.00. A copy of the invoice relating to the bunker supply is attached as **Exhibit 5**.

15.     Pursuant to the invoices, the deadline for the Vessel to make payment for the bunker deliveries was May 18, 2015. *See* Exhibit 5.  Interest has accrued at the rate of two (2) percent per month and accordingly $2,564.10 in interest is currently due and owing.

16.     As of the date of this filing, and despite demands to the Vessel and her owners and managers, GIB has not received payment for the bunker supply.

17.     The total principal amount due and owing to GIB as a result of the bunker delivery to the Vessel is **USD 119,114.10**.

18.     The said bunkers delivered to the Vessel were necessary to the accomplishment of her mission; to wit: trade worldwide as a commercial ship. The Vessel's charterers and officers, representatives, and agents were authorized to order the necessaries for the account and on the credit of the Vessel.

19.     The Vessel has received the benefit of the bunker delivery provided by Plaintiff and is indebted to Plaintiff, GIB, and obligated to pay for the aforementioned necessaries. Furthermore, pursuant to Clause 4(d), GIB as seller retained title to the bunkers until the fuel was fully paid for. *See* Exhibit 3.

20.     Under Clauses 13 and 17 of GIB's Terms and Conditions governing the contract for the sale of bunkers to the M/V VENTA, the laws of the United States, including CIMLA are applicable for the purpose of the existence of a maritime lien and securing payment of any amount due and owing to the Plaintiff. Accordingly, Plaintiff may and does now seek

enforcement of a maritime lien for the supply of necessaries, *i.e.* bunker fuel, under the provisions of 46 U.S.C. §§ 31341 *et seq*. *See* Exhibit 3.

21.     As a result of the foregoing, GIB has a maritime lien on the M/V VENTA for the provision of necessaries, *i.e.* bunker fuel, enforceable in admiralty in accordance with the provisions of Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims.

22.     Plaintiff has performed all conditions precedent to warrant full and complete payment for the aforementioned services.

23.     Payment of all sums has been duly demanded by Plaintiff from the Vessel and its owners, managers, and agents; however, to date, Defendant has neglected, failed, or otherwise refused to pay the outstanding aggregate sum of USD 119,114.10, plus interest and costs, which is indisputably due and owing for the bunkers under the relevant bunker supply contract.

### III. ALLEGATIONS IN SUPPORT OF RULE C ARREST

24.     Plaintiff repeats and re-alleges each and every allegation contained in paragraphs "1" through "23" and incorporates those allegations herein.

25.     As a result of Defendant's failure to pay the amounts owed to Plaintiff for the bunkers supplied to the Vessel, under the terms of the bunker supply contract, Plaintiff's claim for the amount of USD 119,114.50, plus interest and costs, attaches as a maritime lien on the said vessel in favor of Plaintiff and is enforceable under the provision of 46 U.S.C. § 31341 *et seq*. with suit *in rem*.

26.     It is common in Rule C arrest cases for the security (for applicable costs, fees, interest, etc.) to be set at one and a half (1.5) times of the fairly stated claim, and therefore Plaintiff seeks an Order of Arrest in the amount of **USD 179,000.00**. *See* Supplemental Rule E(5) (permitting substitute security up to twice the amount of Plaintiff's fairly stated claim to

cover interest, costs, and fees, etc.).

27.     Accordingly, Plaintiff seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff prays as follows:

A.     That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction issue against Defendant M/V VENTA *her* engines, freights, apparel, appurtenances, tackle etc. *in rem,* including the issuance of a warrant for the arrest of the M/V VENTA, and that the said vessel be seized by the U.S. Marshal to be held as security against any judgment to be entered herein;

B.     That judgment be entered in favor of Plaintiff and against the Defendant M/V VENTA *in rem*, for the amount pled herein as well as for interest, costs, attorney fees, and disbursements for this action;

C.     That the M/V VENTA, her engines, freights, apparel, appurtenances, tackle etc. *in rem*, after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award Plaintiff out of the proceeds of the said sale, the full amount of its claim, together with interest, costs and attorney's fee;

D.     That the Court grant Plaintiff such other and further relief as may be just, equitable, and proper.

Dated: June 22, 2015                                     Respectfully Submitted,
       Oyster Bay, New York
                                                         CHALOS & CO, P.C.

                                       By:     /s/ Melissa Patzelt-Russo
                                               Melissa Patzelt-Russo (MP-8150)
                                               NJ State Bar ID:  022572010
                                               55 Hamilton Avenue
                                               Oyster Bay, New York 11771
                                               Telephone: 516-714-4300

6

Facsimile: 516-750-9051
mrusso@chaloslaw.com

*Attorneys for Plaintiff*
Glander International Bunkering Inc.

OF COUNSEL

Chalos & Co, P.C.
Briton P. Sparkman
*Pro Hac Vice Forthcoming*
7210 Tickner Street
Houston, Texas 77055
Telephone: 713-574-9454
Facsimile: 516-750-9051
bsparkman@chaloslaw.com

CHALOS & CO, P.C.
*Attorneys for Plaintiff*
Melissa Patzelt-Russo
55 Hamilton Avenue
Oyster Bay, NY 11771
Telephone: (516) 714-4300

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GLANDER INTERNATIONAL BUNKERING INC., | IN ADMIRALTY |
| Plaintiff, | NO. |
| v. | VERIFICATION OF COMPLAINT |
| M/V VENTA, IMO No. 9072749, her engines, freights, apparel, appurtenances, tackle, etc., *in rem*, | |
| Defendant. | |

Pursuant to 28 U.S.C. §1746, I, Martin Ringsdal Andreasen, declare under the penalty of perjury:

1.  I am a representative of Plaintiff, GLANDER INTERNATIONAL BUNKERING, INC. and authorized to act on the company's behalf.

2.  I have read the foregoing Verified Complaint and know the contents thereof; and

3.  I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

I declare under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

Date: June 22, 2015
DUBAI, UNITED ARAB EMIRATES

By: _____

Martin Ringsdal Andreasen
Legal Representative
GLANDER INTERNATIONAL
BUNKERING INC.