UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
_____

| | |
|---|---|
| Glander International Bunkering, Inc. | : <br> : C.A. No. 1:15-cv-04200-RMB-AMD <br> : |
| Plaintiff | : |
| v. | : |
| M/V VENTA, *IMO No. 9072749*, her engines, freights, apparel, appurtenances, tackle, etc., in rem | : |
| Defendant. | : |
| _____ | : |
| Oceanconnect Marine Inc. | : |
| and | : |
| Oceanconnect Marine Pte. Ltd., | : |
| Intervening Plaintiffs | : |
| v. | : |
| AB Lietuvos Juru Laivininkyste (Lithuanian Shipping Co) | : |
| Defendant | : |
| The Master of the M/V VENTA, | : |
| Garnishee. | : |
| _____ | : |

**EX-PARTE MOTION TO INTERVENE PURSUANT TO
FED. R. CIV. P. 24 AND LAMR (e)(10)
<u>AND FOR ISSUE OF A WRIT OF MARITIME ATTACHMENT</u>**

Plaintiffs Oceanconnect Marine Inc. ("OCM Inc.") and Oceanconnect Marine Pte. Ltd. ("OCM Ltd.") hereby move *ex parte* pursuant to Fed. R. Civ. P. 24 and LAMR (e)(10) to intervene in this action. Plaintiffs seek to attach, pursuant to Supplemental Admiralty and Maritime Rule B, the

1

M/V VENTA ("Vessel"), which is property of defendant in the accompanying, intervening complaint AB Lietuvos Juru Laivininkyste (Lithuanian Shipping Co)(herein, "LSC"). In support of their motion, plaintiffs state as follows:

1. LAMR (e)(10) ("Intervenor's Claims and Sharing of Marshal's Fees and Expenses") provides in pertinent part as follows:

> (a) Intervention Before Sale.
>
> When a vessel or other property has been arrested, attached, or garnished, and is in the hands of the Marshal or custodian substituted therefor, anyone having a claim against the vessel or property is required to present the claim by filing an intervening complaint under Fed. R. Civ. P. 24, and not by filing an original complaint, unless otherwise ordered by a judicial officer. **An order permitting intervention may be signed ex parte at the time of filing the motion**, subject to the right of any party to object to such intervention within 21 days after receipt of a copy of the motion and proposed pleading. Upon signing of an order permitting intervention the Clerk shall forthwith deliver a conformed copy of the intervening complaint to the Marshal, who shall deliver the copy to the vessel or custodian of the property. Intervenors shall thereafter be subject to the rights and obligations of parties, and the vessel or property shall stand arrested, attached, or garnished by the intervenor. An intervenor shall not be required to advance a security deposit to the Marshal for seizure of a vessel as required by LAMR (e)(9). . . .

(Emphasis added). Fed. R. Civ. P 24 ("Intervention") also provides in pertinent part as follows:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>
> \* \* \*
>
> (2) **claims an interest relating to the property** or transaction **that is the subject of the action**, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(Emphasis added).

2. This Court now should grant plaintiffs' motion. As set out in the accompanying plaintiffs' verified intervening complaint, plaintiffs sell marine fuel to charterers and operators of ocean-going vessels. LSC owns and operates ocean-going vessels, including the Vessel.

2

3.      On or about March 6, 2015, plaintiff OCM Inc. on the order of LSC provided $190,236 of marine fuel ("bunkers") to the LSC vessel M/V ROMUVA, at Houston, and sent LSC the invoice which is Exhibit A to plaintiffs' verified intervening complaint.

4.      On or about May 23, 2015, plaintiff OCM Ltd. on the order of LSC provided $150,500.43 of marine fuel ("bunkers") to the LSC vessel M/V ROMUVA, at Port of Spain, Trinidad, and sent LSC the invoice which is Exhibit B to plaintiffs' verified intervening complaint.

5.      The verified intervening complaint also details that OCM Inc. and OCM Ltd. also provided various other quantities of marine fuels on the order of LSC, to LSC vessels.   LSC eventually paid for this fuel, but usually paid late, requiring LSC's payment of interest pursuant to the Standard Terms and Conditions of Sale (Exhibit C to the verified intervening complaint) incorporated into each sale transaction between OCM Inc., OCM Ltd. and LSC.   As the result of LSC's late payments, LSC owes interest payments to OCM Inc., OCM Ltd. as follows:

| **Vessel** | **Due Date** | **Pay Date** | **Days Overdue** | **Invoice** | **Interest Due** |
|---|---|---|---|---|---|
| Raguva  | 8/20/2014  | 12/3/2014 | 105 | TRD00222 - OCM Ltd. | $4,099.31 |
| Deltuva | 9/2/2014   | 1/15/2015 | 135 | TRD00270 - OCM Ltd. | $18,288.00 |
| Voruta  | 11/14/2014 | 2/17/2015 | 95  | TRD01022 - OCM Ltd. | $1,475.53 |
| Deltuva | 1/5/2015   | 4/22/2015 | 107 | TRD17019 - OCM Inc. | $3,254.80 |
| Deltuva | 2/12/2015  | 5/18/2015 | 95  | TRD01913 - OCM Ltd. | $2,238.70 |
| Audre   | 2/19/2015  | 5/20/2015 | 90  | TRD01881 - OCM Ltd. | $3,589.00 |
| Raguva  | 2/26/2015  | 6/8/2015  | 102 | TRD02045 - OCM Ltd. | $2,102.11 |
| Romuva  | 5/5/2015   |           | 58  | TRD02055 - OCM Ltd. | $7,355.80 |

**$42,403.25**

6.      Despite repeated demand, LSC has failed to pay interest as demanded, and has further failed to pay for the marine fuel provided at Houston and Port of Spain, as set out above.

7.      The Standard Terms and Conditions of Sale (Exhibit C hereto) further provide for recovery of attorneys fees and costs of collection.

### This Court Should Order Plaintiffs' Intervention and
### Order Issue of a Writ of Maritime Attachment

8. As further set out in the verified intervening complaint, defendant LSC is not found in this District for the purposes of Supplemental Admiralty and Maritime Rule B.   The Vessel, property of LSC, is arrested in this action.   This Court therefore should issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of LSC's tangible or intangible property or any other funds held by the garnishee, namely, the Master of the Vessel, up to the amount of at least the amount demanded in the complaint to secure intervening plaintiffs claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the intervening verified complaint.

### This Court Should Provide that the Marshal May Serve the Intervention Order,
### And Writ, by Email or Facsimile to the Substitute Custodian and Master of the Vesssel
### Rather than Traveling to the Vessel for Physical Service

9. The Vessel has been arrested in this action for about one month, with a Substitute Custodian aboard.   The Vessel continues to be moored in the Delaware River, just off of Camden. The Substitute Custodian as well as the Master can be reached by email and facsimile.   In order to conserve the resources of the United States Marshal, it should not be necessary for a Deputy Marshal to physically board a launch for the physical presentation of the intervention order and writ, to the Substitute Custodian and Master. This Court therefore should provide that the Marshal may serve the intervention order and writ, by email or facsimile to the Substitute Custodian and Master of the Vessel, and is not required to travel to the Vessel for physical service.

Plaintiffs herewith file a draft Order and also draft Rule B Writ and respectfully request this Court to grant their motion.

Dated: July 23, 2015.

Respectfully Submitted,

/s/ J. Stephen Simms
_____
J. Stephen Simms
(*Pro hac* application pending)
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
Telephone: 410-783-5795
Fax: 410-510-1789
jssimms@simmsshowers.com

/s/ George N. Proios
George N. Proios
Law Offices of George N. Proios
93 South Central Avenue
Ramsey, NJ   07446
Telephone: 201-236-2895
Fax: 201-236-2897
gnp@gnproios.com

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2015 I caused the foregoing Motion to be filed on the Court's CM/ECF system for service on all record counsel.

/s/ George N. Proios

5