UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
_____

| | |
|---|---|
| Glander International Bunkering, Inc. | : <br> : C.A. No. 1:15-cv-04200-RMB-AMD |
| Plaintiff | : |
| v. | : |
| M/V VENTA, *IMO No. 9072749,* <br> *her engines, freights, apparel,* <br> *appurtenances, tackle, etc., in rem* | : |
| Defendant. | : |
| Oceanconnect Marine Inc. | : |
| and | : |
| Oceanconnect Marine Pte. Ltd., | : |
| Intervening Plaintiffs | : |
| v. | : |
| AB Lietuvos Juru Laivininkyste (Lithuanian Shipping Co) | : |
| Defendant | : |
| The Master of the M/V VENTA, | : |
| Garnishee. | : |

**VERIFIED INTERVENING COMPLAINT
AND REQUEST FOR ISSUE OF
<u>WRITS OF MARITIME ATTACHMENT AND GARNISHMENT</u>**

Intervening Plaintiffs Oceanconnect Marine Inc. ("OCM Inc.") and Oceanconnect Marine

Pte. Ltd. ("OCM Ltd.") bring this action against AB Lietuvos Juru Laivininkyste (Lithuanian

1

Shipping Co)(herein, "LSC"), *quasi in rem*, pursuant to Supplemental Admiralty and Maritime Rule B for issue of writs of maritime attachment and garnishment, and state as follows:

## JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. Venue is proper in this District because the Garnishee, the Master of the M/V VENTA ("Vessel"), holding property of LSC, namely, the Vessel, is located and can be found in this District.   Defendant cannot be found in this District within the meaning of Supplemental Rule B.

3. The Vessel presently is arrested in this action, in this District.   Plaintiffs therefore intervene in this action pursuant to LAMR (e)(10) ("Intervenor's Claims and Sharing of Marshal's Fees and Expenses") and Fed. R. Civ. P. 24.

## THE PARTIES

4. Intervening Plaintiffs sell marine fuel to charterers and operators of ocean-going vessels.

5. LSC owns and operates ocean-going vessels, including the Vessel.

## FACTS

6. On or about March 6, 2015, intervening plaintiff OCM Inc. on the order of LSC provided $190,236 of marine fuel ("bunkers") to the LSC vessel M/V ROMUVA, at Houston, and sent LSC the invoice which is Exhibit A hereto.

7. On or about May 23, 2015, intervening plaintiff OCM Ltd. on the order of LSC provided $150,500.43 of marine fuel ("bunkers") to the LSC vessel M/V ROMUVA, at Port of Spain, Trinidad,   and sent LSC the invoice which is Exhibit B hereto.

8. OCM Inc. and OCM Ltd. also provided various other quantities of marine fuels on the order of LSC, to LSC vessels. LSC eventually paid for this fuel, but usually paid late, requiring LSC's payment of interest pursuant to the Standard Terms and Conditions of Sale (Exhibit C hereto) incorporated into each sale transaction between OCM Inc., OCM Ltd. and LSC. As the result of LSC's late payments, LSC owes interest payments to OCM Inc., OCM Ltd. as follows:

| Vessel | Due Date | Pay Date | Days Overdue | Invoice | Interest Due |
|---|---|---|---|---|---|
| Raguva | 8/20/2014 | 12/3/2014 | 105 | TRD00222 - OCM Ltd. | $4,099.31 |
| Deltuva | 9/2/2014 | 1/15/2015 | 135 | TRD00270 - OCM Ltd. | $18,288.00 |
| Voruta | 11/14/2014 | 2/17/2015 | 95 | TRD01022 - OCM Ltd. | $1,475.53 |
| Deltuva | 1/5/2015 | 4/22/2015 | 107 | TRD17019 - OCM Inc. | $3,254.80 |
| Deltuva | 2/12/2015 | 5/18/2015 | 95 | TRD01913 - OCM Ltd. | $2,238.70 |
| Audre | 2/19/2015 | 5/20/2015 | 90 | TRD01881 - OCM Ltd. | $3,589.00 |
| Raguva | 2/26/2015 | 6/8/2015 | 102 | TRD02045 - OCM Ltd. | $2,102.11 |
| Romuva | 5/5/2015 | | 58 | TRD02055 - OCM Ltd. | $7,355.80 |
| | | | | | **$42,403.25** |

9. Despite repeated demand, LSC has failed to pay interest as demanded, and has further failed to pay for the marine fuel provided at Houston and Port of Spain, as set out above.

10. The Standard Terms and Conditions of Sale (Exhibit C hereto) further provide for recovery of attorneys fees and costs of collection.

## Count I – Breach of Maritime Contracts

11. Intervening Plaintiffs incorporate the above paragraphs as if fully set forth herein.

12. LSC has breached its maritime contracts with Plaintiffs as set out above. Despite repeated demand, Plaintiffs remain unpaid.

13. Intervening Plaintiffs therefore demand judgment, as set out more fully below.

## Count II – Maritime Attachment and Garnishment (Rule B)

14. Intervening Plaintiffs incorporate the above paragraphs as if fully set forth herein.

3

15. Intervening Plaintiffs seek issue of process of maritime attachment so that they may obtain recovery for their damages from LSC's breach of maritime contracts.

16. LSC cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction consisting of cash, funds, freight, hire, and/or credits in the hands of Garnishees in this District, namely, the Master of the M/V VENTA ("Vessel"), holding property of LSC, namely, the Vessel.

WHEREFORE, Intervening Plaintiffs pray:

A. That process in due form of law issue against LSC, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since LSC cannot be found within this District pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of LSC's tangible or intangible property or any other funds held by any garnishee, which are due and owing to OCM Inc., OCM Ltd. up to the amount of at least:

**OCM Inc.** : at least $193,490.80, plus further interest accruing, costs and attorneys fees;

**OCM Ltd.**: at least $189,648.88, plus further interest accruing, costs and attorneys fees;

Total, **$383,139.68** to secure Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C. That this Court enter judgment for plaintiffs in the amounts set out immediately above, and that this Court order the sale of all property attached, namely, the Vessel, for the satisfaction of such judgment; and

/

/

    D.    That Intervening Plaintiffs may have such other, further and different relief as may be just and proper.

Dated: July 23, 2015.

/s/ J. Stephen Simms
_____
J. Stephen Simms
(*Pro hac* application pending)
Simms Showers LLP
201 International Circle, Suite 250
Baltimore, Maryland 21030
Telephone: 410-783-5795
Fax: 410-510-1789
jssimms@simmsshowers.com

/s/ George N. Proios
George N. Proios
Law Offices of George N. Proios
93 South Central Avenue
Ramsey, NJ   07446
Telephone: 201-236-2895
Fax: 201-236-2897
gnp@gnproios.com

## **VERIFICATION**

J. Stephen Simms certifies as follows under penalties of perjury:

1. I am counsel to Plaintiffs, have read the foregoing Complaint and I believe the contents thereof are true.

2. The reason this Verification is made by deponent and not by Plaintiffs is that Plaintiffs are foreign corporations, no officers or directors of which are within this jurisdiction.

3. The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiffs.

4. The Defendant is not incorporated or registered to do business in this State.

5. Searches were conducted by my office of the New Jersey Department of Corporations, white and yellow pages directories for this Districts, and find no any listing or reference to Defendant or any agent of Defendant in this District or any adjacent District.

6. In the circumstances, I believe the Defendant cannot be "found" within this district

5

or in any "convenient adjacent jurisdiction" in the United States, and that further, the garnishees by reasonable investigation, and information and belief, hold property of Defendant

> Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury that the foregoing is true and correct.
>
> Executed on July 23, 2015.
>
> /s/ J. Stephen Simms
> _____
> J. Stephen Simms