HOFMANN & SCHWEITZER
Attorneys for Plaintiffs
1130 Route 202 South, Suite A7
Raritan, NJ 08869
Tel: 908-393-5662

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------x
GLANDER INTERNATIONAL BUNKERING,

                      Plaintiff,

-against-

M/V VENTA, IMO No. 9072749, her engines,
freights, apparel, appurtenances, tackle, etc., In Rem,

                      Defendant
-----------------------------------------------------------------------x
VITALIJ NIOLAICIK, DARIUS URBONAS, DARIUS
CERIAUSKAS, GAINTARAS JABLONSKIS, JEVGENJI
MATUIZO, JUOZAS DRUSKINIS, ALEKSEJ IIJIN,
ALEKSANDR ALEKSANDROV, ALBINAS LIAUSKA,
ROMAN KUZMICIOV, ROLANDAS KUBILIUS,
ALGIS LIMONTAS, OKTAI KURBANOV, DARIUS
VYSNIAUSKAS, ANTAOLIJ SAPESKO, ALEKSANDR
KAPLIN, ANDREJ GUZEROV, IGOR CHIZIN and
ALEKSANDR GAVRILENKO,

                      Intervening Plaintiffs,
-against-

AB Lieutvos Juru Laivininkyste (Lithuanian Shipping Co.),

                      Defendant

The Master of the M/V VENTA,

                      Garnishee
-----------------------------------------------------------------------x

IN ADMIRALTY

15 Civ. 04200 (RMB)(AMD)

**AMENDED VERIFIED
INTERVENING COMPLAINT
IN REM**

      Intervening plaintiffs, Vitalij Niolaicik, Darius Urbonas, Darius Ceriauskas, Gaintaras Jablonskis, Jevgenji Matuizo, Juozas Druskinis, Aleksej Iljin, Aleksandr Aleksandrov, Albinas

Liauska, Roman Kuzmiciov, Rolandas Kubilius, Algis Limontas, Oktai Kurbanov, Darius Vysniauskas, Antaolij Sapesko, Aleksandr Kaplin, Andrej Guzerov, Igor Chizin, and Aleksandr Gavrilenko, by their attorneys Hofmann & Schweitzer, sue the M/V VENTA, her engines, tackle etc., in rem, and allege:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. It is within the Court's admiralty and maritime jurisdiction. The jurisdiction of this Court arises under and by virtue 28 U.S.C. §1333 and the admiralty and maritime jurisdiction of the District Courts of the United States.

2. At all material times, Intervening Plaintiffs were crewmembers of the vessel, and were residents of various countries of the world.

3. The vessel M/V VENTA (the "vessel") is currently within this district and within the jurisdiction of the Court and is currently under arrest.

4. Plaintiff Vitalij Niolaicik, at all relevant times, served upon the vessel in the capacity of AB, at the rate of pay, plus found and other benefits, as stated in his individual employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

5. Plaintiff Darius Urbonas, at all relevant times, served upon the vessel in the capacity of Second Engineer, at the rate of pay, plus found and other benefits, as stated in his individual employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

6. Plaintiff Darius Cerniauskas, at all relevant times, served upon the vessel in the capacity of Third Engineer, at the rate of pay, plus found and other benefits, as stated in his individual

employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

7. Plaintiff Gintaras Jablonskis, at all relevant times, served upon the vessel in the capacity of Repairman, at the rate of pay, plus found and other benefits, as stated in his individual employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

8. Plaintiff Jevgenji Matuizo, at all relevant times, served upon the vessel in the capacity of Third Mate, at the rate of pay, plus found and other benefits, as stated in his individual employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

9. Plaintiff Juozas Druskinis, at all relevant times, served upon the vessel in the capacity of Second Mater, at the rate of pay, plus found and other benefits, as stated in his individual employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

10. Plaintiff Aleksej IIjin, at all relevant times, served upon the vessel in the capacity of Boatswain, at the rate of pay, plus found and other benefits, as stated in his individual employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

11. Plaintiff Aleksandr Aleksandrov, at all relevant times, served upon the vessel in the capacity of AB, at the rate of pay, plus found and other benefits, as stated in his individual employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

12. Plaintiff Albinas Liauska, at all relevant times, served upon the vessel in the capacity of AB, at the rate of pay, plus found and other benefits, as stated in his individual employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

13. Plaintiff Roman Kuzmiciov, at all relevant times, served upon the vessel in the capacity of AB, at the rate of pay, plus found and other benefits, as stated in his individual employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

14. Plaintiff Rolandas Kubilius, at all relevant times, served upon the vessel in the capacity of Cook, at the rate of pay, plus found and other benefits, as stated in his individual employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

15. Plaintiff Algis Limontas, at all relevant times, served upon the vessel in the capacity of Motorman-turner, at the rate of pay, plus found and other benefits, as stated in his individual employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

16. Plaintiff Oktai Kurbanov, at all relevant times, served upon the vessel in the capacity of AB, at the rate of pay, plus found and other benefits, as stated in his individual employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

17. Plaintiff Darius Vysniauskas, at all relevant times, served upon the vessel in the capacity of Motorman, at the rate of pay, plus found and other benefits, as stated in his individual

employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

18. Plaintiff Anatolij Sapesko, at all relevant times, served upon the vessel in the capacity of Electronic Engineer, at the rate of pay, plus found and other benefits, as stated in his individual employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

19. Plaintiff Aleksandr Kaplin, at all relevant times, served upon the vessel in the capacity of Chief Mate, at the rate of pay, plus found and other benefits, as stated in his individual employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

20. Plaintiff Andrej Guzerov, at all relevant times, served upon the vessel in the capacity of Repairman, at the rate of pay, plus found and other benefits, as stated in his individual employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

21. Plaintiff Igor Chizin, at all relevant times, served upon the vessel in the capacity of Chief Engineer, at the rate of pay, plus found and other benefits, as stated in his individual employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

22. Plaintiff Aleksandr Gavrilenko, at all relevant times, served upon the vessel in the capacity of Motorman, at the rate of pay, plus found and other benefits, as stated in his individual employment agreement, within a collective bargaining agreement covering his employment and as stated in his shipping articles.

23. Each of the plaintiffs have faithfully and fully performed their work, earned their wages and benefits, and are otherwise entitled to wages for their service upon the vessel.

## AS AND FOR A FIRST CAUSE OF ACTION

24. Upon information and belief, at all times hereinafter mentioned, the vessel's owner and or operator, LITHUANIAN SHIPPING COMPANY was and still is a corporation engaged in the business of transporting cargo by sea, and operating cargo vessels on the navigable waters of the United States. Said company does business in the State of New Jersey.

25. Upon information and belief, at all times hereinafter mentioned, the LITHUANIAN SHIPPING COMPANY owned, operated and controlled the M/V VENTA.

26. Upon information and belief, at all times hereinafter mentioned, the M/V VENTA is a vessel of Lithuanian Registry.

27. The Master of the vessel is Oleg Semionov.

28. Each of the intervening plaintiffs herein joined the said vessel as members of the crew thereof and fully performed their duties as such crew members and accrued earned wages.

29. Plaintiff Vitalij Nikolaicik is owed wages at least in the amount of $13,480, plus benefits, leave pay, overtime, penalty wages and interest.

30. Plaintiff Darius Urbonas is owed wages at least in the amount of $11,015, plus benefits, leave pay, overtime, penalty wages and interest.

31. Plaintiff Darius Ceriauskas is owed wages at least in the amount of $9,147, plus benefits, leave pay, overtime, penalty wages and interest.

32. Plaintiff Gaintaras Jablonskis is owed wages at least in the amount of $7,852, plus benefits,

leave pay, overtime, penalty wages and interest.

33. Plaintiff Jevgenji Matuizo is owed wages at least in the amount of $7,880, plus benefits, leave pay, overtime, penalty wages and interest.

34. Plaintiff Juozas Druskinis is owed wages at least in the amount of $10,591, plus benefits, leave pay, overtime, penalty wages and interest.

35. Plaintiff Aleksej Iljin is owed wages at least in the amount of $8,267, plus benefits, leave pay, overtime, penalty wages and interest.

36. Plaintiff Aleksandr Aleksandrov is owed wages at least in the amount of $6,638, plus benefits, leave pay, overtime, penalty wages and interest.

37. Plaintiff Albinas Liauska is owed wages at least in the amount of $13,391, plus benefits, leave pay, overtime, penalty wages and interest.

38. Plaintiff Roman Kuzmiciov is owed wages at least in the amount of $6,112, plus benefits, leave pay, overtime, penalty wages and interest.

39. Plaintiff Rolandas Kubilius is owed wages at least in the amount of $13,446, plus benefits, leave pay, overtime, penalty wages and interest.

40. Plaintiff Algis Limontas is owed wages at least in the amount of $7,447, plus benefits, leave pay, overtime, penalty wages and interest.

41. Plaintiff Oktai Kurbanov is owed wages at least in the amount of $6,592, plus benefits, leave pay, overtime, penalty wages and interest.

42. Plaintiff Darius Vysniauskas is owed wages at least in the amount of $5,894, plus benefits, leave pay, overtime, penalty wages and interest.

43. Plaintiff Anatolij Sapesko is owed wages at least in the amount of $16,990, plus benefits,

leave pay, overtime, penalty wages and interest.

44. Plaintiff Aleksandr Kaplin is owed wages at least in the amount of $23,259, plus benefits, leave pay, overtime, penalty wages and interest.

45. Plaintiff Andrej Guzerov is owed wages at least in the amount of $11,038, plus benefits, leave pay, overtime, penalty wages and interest.

46. Plaintiff Igor Chizin is owed wages at least in the amount of $29,536, plus benefits, leave pay, overtime, penalty wages and interest.

47. Plaintiff Aleksandr Gavrilenko is owed wages at least in the amount of $6,287, plus benefits, leave pay, overtime, penalty wages and interest.

48. The defendants failed, refused and neglected to make payment of the full wages due to said plaintiffs, said wages upon information and belief, being in excess of $214,880 plus benefits, leave pay, penalty wage and interest.

49. Demand for said wages was made upon the owners, the vessel's operators, the captain and the crewmembers' employers and payment of same was wrongfully and improperly refused.

50. All and singular the foregoing matters are true and within the Admiralty and Maritime jurisdiction of the United States and this Honorable Court, and the defendants should be compelled to answer upon an oath, all and singular the matters aforesaid, and this Honorable Court be pleased to decree payment of your plaintiffs' claim.

## AS AND FOR A SECOND SEPARATE
## AND DISTINCT CAUSE OF ACTION FOR REPATRIATION EXPENSES

Plaintiffs repeat and reallege each and every allegation set forth in each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

51. By reason of the aforesaid, and as a result of the defendants' breaches of their obligations to the plaintiffs, the plaintiffs are entitled to be repatriated to their homes at the defendants' expense.

52. These sums for repatriation expenses believed upon information and belief to be in an amount total in excess of $38,000.

53. Said amount is due and owing to the plaintiffs, and plaintiffs demand payment of same.

## AS AND FOR A THIRD SEPARATE AND DISTINCT CAUSE
## OF ACTION- FOR PENALTY WAGES PURSUANT TO 46 U.S.C. §10313

Plaintiffs repeat and reallege each and every allegation set forth in Complaint with the same force and effect as if fully set forth herein.

54. By reason of the refusal and neglect to pay wages when same became due, owing and not paid, without sufficient cause, pursuant to 46 USC §10313, plaintiffs are entitled to penalty wages of two days pay for each and every day during which payment of their duly earned wages have been delayed.

55. Upon information and belief, the failure to make payment of the wages due plaintiffs has been without sufficient cause.

56. Plaintiffs claim penalty wages in an amount in excess of $1,000,000.

WHEREFORE, plaintiffs pray:

1. That a warrant of arrest issue against the said vessel, M/V VENTA her boilers, engines, tackle, appurtenances, etc., and that all persons claiming any right, title or interest therein be cited to appear and answer all the matters aforesaid;

2. That citation issue against defendants M/V VENTA to appear and answer all the matters aforesaid;

3. That this Honorable Court enter judgment for plaintiffs in accordance with the sums set forth as aforesaid together with interest, costs and counsel fees;

4. That the said vessel, her boilers, engines, tackle, appurtenances, etc. be condemned and sold to pay the same;

5. That plaintiffs have judgment against the defendants for said wages, penalty wages, and transportation and repatriation costs, as aforesaid, together with interest, costs and counsel fees; and

6. That this Honorable court direct such other and further relief as in law and justice the plaintiffs may be entitled to receive.

Dated: Raritan, New Jersey  
July 24, 2015

HOFMANN & SCHWEITZER  
Attorneys for Plaintiffs

By: _____  
Paul T. Hofmann (PH1356)  
1130 Route 202 South, Ste. A7  
Raritan, NJ 08869  
Tel: 908-393-5662

## VERIFICATION

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am one of the plaintiffs in this matter. I have read the foregoing complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated:

Signature *[signed]*
Printed Name  Gavrilenko Aleksandr

## VERIFICATION

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am one of the plaintiffs in this matter. I have read the foregoing complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated:

Signature *[signed]*
Printed Name  CERNIAUSKAS DARIUS

## VERIFICATION

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am one of the plaintiffs in this matter. I have read the foregoing complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated:

Signature *[signed]*
Printed Name  DARIUS VYŠNIAUSKAS

## VERIFICATION

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am one of the plaintiffs in this matter. I have read the foregoing complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated:

_____
Signature
DRUSKINIS JUOZAS
Printed Name

## VERIFICATION

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am one of the plaintiffs in this matter. I have read the foregoing complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated:

_____
Signature
LIMONTHS ALGIS
Printed Name

## VERIFICATION

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am one of the plaintiffs in this matter. I have read the foregoing complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated:

_____
Signature
JABLONSKIS Gintaras
Printed Name

## VERIFICATION

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am one of the plaintiffs in this matter. I have read the foregoing complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated: _____

_____
Signature

JEVGENIJ MATUIZO
Printed Name

## VERIFICATION

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am one of the plaintiffs in this matter. I have read the foregoing complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated: _____

_____
Signature

NIKOLAICIK VITALIJ
Printed Name

## VERIFICATION

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am one of the plaintiffs in this matter. I have read the foregoing complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated: _____

_____
Signature

GUZEIROV ANDREJ
Printed Name

## VERIFICATION

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am one of the plaintiffs in this matter. I have read the foregoing complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated:

_____
Signature

*Darius Urbonas*
Printed Name


## VERIFICATION

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am one of the plaintiffs in this matter. I have read the foregoing complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated:

_____
Signature

*Roman KUZMICIOV*
Printed Name


## VERIFICATION

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am one of the plaintiffs in this matter. I have read the foregoing complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated:

_____
Signature

*Oleksandr Oleksandrod*
Printed Name

## VERIFICATION

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am one of the plaintiffs in this matter. I have read the foregoing complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated:

_____
Signature
Anatolij Sopesiro
Printed Name

## VERIFICATION

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am one of the plaintiffs in this matter. I have read the foregoing complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated:

_____
Signature
IGOR CHIZIN
Printed Name

## VERIFICATION

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am one of the plaintiffs in this matter. I have read the foregoing complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated:

_____
Signature
ROLANDAS KUBILIUS
Printed Name

## VERIFICATION

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am one of the plaintiffs in this matter. I have read the foregoing complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated:

_____
Signature
_ALBINAS LIAUSKA_
Printed Name

## VERIFICATION

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am one of the plaintiffs in this matter. I have read the foregoing complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated:

_____
Signature
_OKTAJ KURBANOV_
Printed Name

## VERIFICATION

Pursuant to 28 USC § 1746, I hereby declare, under penalty of perjury under the laws of the United States of America that the following is true and correct.

I am one of the plaintiffs in this matter. I have read the foregoing complaint and am familiar with its contents, which are true to the best of my information and belief.

Dated:

_____
Signature
_____
Printed Name