HOFMANN & SCHWEITZER
Attorneys for Plaintiffs
1130 Route 202 South, Suite A7
Raritan, NJ 08869
Tel: 908-393-5662

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------------------x
GLANDER INTERNATIONAL BUNKERING,    IN ADMIRALTY

                           Plaintiff,    15 Civ. 04200 (RMB)(AMD)
   -against-

                                         MOTION FOR PERMISSION TO
                                         FILE AMENDED VERIFIED
M/V VENTA, IMO No. 9072749, her engines,    INTERVENING COMPLAINT
freights, apparel, appurtenances, tackle, etc., In Rem,    IN REM, AND TO AMEND THE
                                         CAPTION OF THE PREVIOUSLY
                     Defendant    FILED AMENDED COMPLAINT
-------------------------------------------------------------------------x IN INTERVENTION
VITALIJ NIOLAICIK, DARIUS URBONAS, DARIUS
CERIAUSKAS, GAINTARAS JABLONSKIS, JEVGENJI
MATUIZO, JUOZAS DRUSKINIS, ALEKSEJ ILJIN,
ALEKSANDR ALEKSANDROV, ALBINAS LIAUSKA,
ROMAN KUZMICIOV, ROLANDAS KUBILIUS,
ALGIS LIMONTAS, OKTAI KURBANOV, DARIUS
VYSNIAUSKAS, ANTAOLIJ SAPESKO, ALEKSANDR
KAPLIN, ANDREJ GUZEROV, IGOR CHIZIN and
ALEKSANDR GAVRILENKO,
                            Intervening Plaintiffs,
    -against-
AB Lieutvos Juru Laivininkyste (Lithuanian Shipping Co.),
M/V VENTA, IMO No. 9072749, her engines,
freights, apparel, appurtenances, tackle, etc., In Rem,
                            Defendants
The Master of the M/V VENTA,
                            Garnishee
-------------------------------------------------------------------------x

EX-PARTE MOTION TO INTERVENE PURSUANT TO FED. R. CIV. P.24 AND LAMR
(e)(10) REGARDING ISSUE OF A WARRANT OF ARREST OR ISSUE WRIT OF
ATTACHMENT UNDER RULE B AND TO CORRECT THE CAPTION OF THE
PREVIOUSLY FILED AMENDED VERIFIED COMPLAINT IN INTERVENTION

Intervening plaintiffs, Vitalij Niolaicik, Darius Urbonas, Darius Ceriauskas, Gaintaras Jablonskis, Jevgenji Matuizo, Juozas Druskinis, Aleksej Iljin, Aleksandr Aleksandrov, Albinas Liauska, Roman Kuzmiciov, Rolandas Kubilius, Algis Limontas, Oktai Kurbanov, Darius Vysniauskas, Antaolij Sapesko, Aleksandr Kaplin, Andrej Guzerov, Igor Chizin, and Aleksandr Gavrilenko, by their attorneys Hofmann & Schweitzer, hereby move ex parte pursuant to Fed. R. Civ. P. 24 and LAMR (e)(10) to intervene in this action. Plaintiffs seek to arrest the M/V VENTA ("Vessel"), which is property of defendant in the accompanying, intervening complaint AB Lietuvos Juru Laivininkyste (Lithuanian Shipping Co)(herein, "LSC"). In support of their motion, plaintiffs state as follows:

1.  LAMR (e)(10) ("Intervenor's Claims and Sharing of Marshal's Fees and Expenses") provides in pertinent part as follows:

(a) Intervention Before Sale.
When a vessel or other property has been arrested, attached, or garnished, and is in the hands of the Marshal or custodian substituted therefor, anyone having a claim against the vessel or property is required to present the claim by filing an intervening complaint under Fed. R. Civ. P. 24, and not by filing an original complaint, unless otherwise ordered by a judicial officer. An order permitting intervention may be signed ex parte at the time of filing the motion, subject to the right of any party to object to such intervention within 21 days after receipt of a copy of the motion and proposed pleading. Upon signing of an order permitting intervention the Clerk shall forthwith deliver a conformed copy of the intervening complaint to the Marshal, who shall deliver the copy to the vessel or custodian of the property. Intervenors shall thereafter be subject to the rights and obligations of parties, and the vessel or property shall stand arrested, attached, or garnished by the intervenor. An intervenor shall not be required to advance a security deposit to the Marshal for seizure of a vessel as required by LAMR (e)(9).... (Emphasis added).

Fed. R. Civ. P 24 ("Intervention") also provides in pertinent part as follows:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

* * *

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest. (Emphasis added).

2. This Court now should grant plaintiffs' motion. As set out in the previously filed amended plaintiffs' verified intervening complaint (Docket #15), plaintiffs are/were seamen on the M/V VENTA and are owed significant wages and benefits.

3. The verified intervening complaint also details that plaintiffs are owed at least $214,880 in base wages plus additional benefits and emoluments totaling upwards of $350,000.

4. Despite repeated demand, defendants failed to pay the amounts demanded.

5. This Court Should Order Plaintiffs' Intervention and Order Issue a Warrant of Arrest. Plaintiffs have a valid lien for unpaid wages.

6. As further set out in the previously filed verified amended intervening complaint, defendant LSC is not found in this District for the purposes of Supplemental Admiralty and Maritime Rules. The Vessel, property of LSC, is arrested in this action. This Court therefore should issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B or Warrant of Arrest under Rule C, attaching all of LSC's tangible or intangible property or any other funds held by the garnishee, namely, the Master of the Vessel, up to the amount of at least the amount demanded in the complaint to secure intervening plaintiffs claim, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rules B and C, answer the matters alleged in the intervening verified complaint. This Court Should Provide that the Marshal May Serve the Intervention Order, And

Writ, by Email or Facsimile to the Substitute Custodian and Master of the Vessel rather than require travel to the vessel for physical service, if that is acceptable to the court.

7. The Vessel has been arrested in this action for about one month, with a Substitute Custodian aboard. The Vessel is at a pier in the Delaware River, in Camden, New Jersey. The Substitute Custodian as well as the Master can be reached by email and facsimile. In order to conserve the resources of the United States Marshal, it should not be necessary for a Deputy Marshal to physically board a launch for the physical presentation of the intervention order and writ, to the Substitute Custodian and Master. This Court therefore should provide that the Marshal may serve the intervention order and writ, by email or facsimile to the Substitute Custodian and Master of the Vessel, and is not required to travel to the Vessel for physical service.

8. Plaintiffs further request that the court deem the previously filed amended verified complaint by these intervening plaintiffs to be conformed to what is stated in this motion for permission to file an intervening complaint. In reviewing this matter, it was noticed that the caption below these intervening plaintiffs names failed to mention the vessel, M/V VENTA, in rem. That was an oversight that the court is requested to deem having been corrected, and plaintiffs ask that their other pleadings filed previously be deemed amended accordingly.

Dated: Raritan, New Jersey  
      July 27, 2015

HOFMANN & SCHWEITZER  
Attorneys for Plaintiff

By: _____  
Paul T. Hofmann (PH 1356)  
1130 Route 202 South, Ste. 7A  
Raritan, New Jersey 08869  
Tel: 908-393-5662